UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Michael Hunsperger,<br><br>             Plaintiff,<br><br>  – against–<br><br><br>Synchrony Bank d/b/a Networks and Equifax Information Services, LLC,<br><br>             Defendant(s). | Civil Action No. 1:20-cv-7375<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Michael Hunsperger (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Assoc., PLLC, by way of Complaint against Defendants, Synchrony Bank d/b/a Networks ("Synchrony") and Equifax Information Services, LLC ("Equifax") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff, Michael Hunsperger, is an adult citizen of the state of Illinois domiciled in Murphysboro, IL.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Synchrony was and is at all relevant times herein, a national banking association organized and existing under, and by virtue of, the National Banking Laws of the United States. Synchrony furnishes consumer credit information to credit reporting agencies and does business throughout the country and in the state of Illinois.

5. Defendant Equifax is a limited liability company organized and existing under the laws of Georgia that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Defendants because Defendants are either domiciled in Illinois and /or continuously do business in Illinois.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff's primary residence is within the state of Illinois. Venue in this district

is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Illinois.

**FACTUAL ALLEGATIONS**

9. Synchrony issued an account ending in 4376 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit reports.

10. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumers' eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about February 1, 2020, Plaintiff and Synchrony entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A**.

12. Pursuant to the terms of the settlement, Plaintiff was required to make one (1) lump sum payment totaling $1,669.00 to settle and close his Synchrony account.

13. Plaintiff, via counsel, timely made the requisite settlement payment. Proof of this payment is attached hereto as **Exhibit B**.

14. However, over half a year later, Plaintiff's account continued to be negatively reported.

15. In particular, on a requested credit report dated September 11, 2020, Plaintiff's Synchrony account was reported with a status of "CHARGE OFF," a balance

of $1,668.00 and a past due balance of $1,688.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit C**.

16. This trade line was inaccurately reported. As evidenced by the settlement agreement and the proof of payment, the account was settled with a $0 balance and must be reported as such.

17. On or about October 16, 2020, Plaintiff notified Defendants directly of a dispute on the Synchrony account's completeness and/or accuracy. This letter is attached hereto as **Exhibit D**.

18. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Synchrony to the Credit Reporting Agencies, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

19. In November of 2020, Plaintiff requested an updated credit report from Defendant credit reporting agencies. The trade line for the Synchrony account in question remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the November 2020 credit report is attached hereto as **Exhibit E**.

20. Equifax did not notify Synchrony of the disputes by Plaintiff in accordance with the FCRA, or alternatively, did notify Synchrony and Synchrony failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

21. If Synchrony did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Synchrony account would be updated to reflect a settled status with a $0 balance.

22. Synchrony has promised through its subscriber agreements or contracts to accurately update accounts, but Synchrony has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Equifax is "consumer reporting agencies" as codified at 15 U.S.C. § 1681a(f).

28. Synchrony is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

29. Synchrony is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

30. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

31. Synchrony failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

32. Synchrony failed to update Plaintiff's credit report and/or notify the credit bureaus that the Synchrony account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

33. Synchrony failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

34. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

35. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

36. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following forms: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loans that would otherwise be affordable and other damages that may be ascertained at a later date.

37. As a result of the above violations of the FCRA, Equifax is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable

Respectfully Submitted,

**/s/ Kathryn Slaughter**
Kathryn Slaughter, Esq.
Attorney for Plaintiff
Law Offices of Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 930
New York, NY 10004
Tel: (212) 226-5081
Fax: (212) 428-6808
Kathryn.S@gitmeidlaw.com